♦AO 245B (CASD) (Rev. 12/11) Judgment in a Criminal Case
Sheet 1

**FILED**

APR 1 2 2013

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                                      DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| JEREMY ADAM DALTON (1) | Case Number: 12CR3367-BEN |
| | VIKAS BAJAJ |
| | Defendant's Attorney |

**REGISTRATION NO.** 34594298

☒ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P.36)

**THE DEFENDANT:**
☒ pleaded guilty to count(s) 1s OF THE SUPERSEDING INFORMATION.

☐ was found guilty on count(s) _____
after a plea of not guilty.
Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 18 USC 922(g)(1) and 924(a)(2) | FELON IN POSSESION OF FIREARMS AND AMMUNITION | 1s |

The defendant is sentenced as provided in pages 2 through __7__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s) UNDERLYING INFORMATION _____ is ☒ are ☐ dismissed on the motion of the United States.

☒ Assessment: $100.00 forthwith or under the same repayment terms for the fine as set forth in page 5 of this Judgment and Commitment.

☐ Fine waived          ☒ Forfeiture pursuant to order filed   JANUARY 15, 2013  , included herein.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

APRIL 8, 2013
Date of Imposition of Sentence

_[signature]_
HON. ROGER T. BENITEZ
UNITED STATES DISTRICT JUDGE

12CR3367-BEN

DEFENDANT: JEREMY ADAM DALTON (1)
CASE NUMBER: 12CR3367-BEN

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of FIFTY-ONE (51) MONTHS.

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).

☒ The court makes the following recommendations to the Bureau of Prisons:

DEFENDANT BE ALLOWED TO PARTICIPATE IN THE 500-HOUR DRUG TREATMENT PROGRAM.

DEFENDANT BE INCARCERATED WITHIN THE NORTHEAST REGION OF THE UNITED STATES.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____ .

as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☒ before 5:00PM ON MAY 17, 2013.

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: JEREMY ADAM DALTON (1)
CASE NUMBER: 12CR3367-BEN

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:
THREE (3) YEARS.

  The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than __4__ drug tests per month during the term of supervision, unless otherwise ordered by court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒ The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000, pursuant to 18 USC sections 3563(a)(7) and 3583(d).

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

  If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

  The defendant must comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: JEREMY ADAM DALTON (1)
CASE NUMBER: **12CR3367-BEN**

Judgment—Page 4 of 7

# SPECIAL CONDITIONS OF SUPERVISION

- [x] Submit person, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

- [ ] If deported, excluded, or allowed to voluntarily return to country of origin, not reenter the United States illegally and report to the probation officer within 24 hours of any reentry to the United States; supervision waived upon deportation, exclusion or voluntary departure.

- [ ] Not transport, harbor, or assist undocumented aliens.

- [ ] Not associate with undocumented aliens or alien smugglers.

- [ ] Not reenter the United States illegally.

- [ ] Not enter or reside in the Republic of Mexico without written permission of the Court or probation officer.

- [x] Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

- [ ] Not possess any narcotic drug or controlled substance without a lawful medical prescription.

- [ ] Not associate with known users of, smugglers of, or dealers in narcotics, controlled substances, or dangerous drugs in any form.

- [ ] Participate in a program of mental health treatment as directed by the probation officer, take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission. The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. Is required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

- [x] Not own, possess, control, borrow any type of gun, ammunition, dagger, or brass knuckles, even if the time-of-possession is for one second.

- [x] Provide complete disclosure of personal and business financial records to the probation officer as requested.

- [ ] Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

- [ ] Seek and maintain full time employment and/or schooling or a combination of both.

- [ ] Resolve all outstanding warrants within _____ days.

- [ ] Complete _____ hours of community service in a program approved by the probation officer within

- [ ] Reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period of

- [x] Participate in a program of drug or alcohol abuse treatment, including urinalysis or sweat patch testing and counseling, as directed by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. Is required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

- [ ]

AO 245S    Judgment in Criminal Case
           Sheet 5 — Criminal Monetary Penalties

DEFENDANT: JEREMY ADAM DALTON (1)
CASE NUMBER: 12CR3367-BEN

# FINE

The defendant shall pay a fine in the amount of ___$10,000.00___ unto the United States of America.

This sum shall be paid ___ immediately.
                      _x_ as follows:

Through the Clerk, U. S. District Court, forthwith or through the Inmate Financial Responsibility Program (IFRP) at the rate of 50% of the defendant's income, or $25.00 per quarter during the period of incarceration, whichever is greater. The defendant shall pay the fine during his supervised release at the rate of $500 per month. These payment schedules do not foreclose the United States from exercising all legal actions, remedies, and process available to it to collect the fine judgment. Until the fine has been paid, the defendant shall notify the Clerk of the Court and the United States Attorney's Office of any change in the defendant's mailing or residence address, no later than thirty (30) days after the change occurs.

The Court has determined that the defendant _does_ have the ability to pay interest. It is ordered that:

_x_ The interest requirement is waived.

___ The interest is modified as follows:

12CR3367-BEN

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 12cr3367-BEN |
| Plaintiff, | ) ) | ORDER OF CRIMINAL FORFEITURE |
| v. | ) ) | |
| JEREMY ADAM DALTON, | ) ) | |
| Defendant. | ) ) | |

WHEREAS, in the Superseding Information in the above-captioned case, the United States sought forfeiture of all right, title and interest in specific properties, to wit:

1. 681 rounds of assorted ammunition;
2. One Glock, model 23, .40 caliber pistol, serial number BDB110US;
3. One Taurus, model 608, .357 caliber revolver, serial number BT652166;
4. One Llama (Gabilondo & CIA), ZZ caliber pistol, serial number A33354;
5. One Taurus, model PT140 Millennium Pro, .40 caliber pistol, serial number SYJ45735;
6. One Taurus, model PUB DEF JUDGE ULTLTE, .45/410 caliber revolver, serial number DM104710;
7. One Walther, model P22, .22 caliber pistol, serial number N017274;
8. One Colt, model DELTA ELITE, .10 caliber pistol, serial number 10SS0832; and
9. One Glock, model 17, .9 caliber pistol, serial number KNP396,

of the above-named defendant pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), as properties involved in or traceable to the violation of 18 U.S.C. § 922(g)(1) and 924(a)(2), as charged in the Superseding Information; and

WHEREAS, on or about November 26, 2012, the above-named defendant, JEREMY ADAM DALTON ("Defendant"), pled guilty to the Superseding Information before

Magistrate Judge William McCurine, Jr., which plea provided for the criminal forfeiture of the firearms and ammunition, and included consent to the criminal forfeiture allegations pursuant to Titles 18 and 28 as set forth in the Superseding Information; and

WHEREAS, on or about December 12, 2012, the plea of the Defendant was accepted by the United States District Court; and

WHEREAS, the plea agreement provided for the criminal forfeiture of the firearms and ammunition; and

WHEREAS, by virtue of the facts set forth in the plea agreement, the United States has established the requisite nexus between the forfeited properties and the offense; and

WHEREAS, on or about December 12, 2012 the firearms and ammunition to which Defendant pled were administratively forfeited by the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF):

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Based upon the guilty plea of the Defendant, all right, title and interest of Defendant JEREMY ADAM DALTON in

   1. 681 rounds of assorted ammunition;
   2. One Glock, model 23, .40 caliber pistol, serial number BDB110US;
   3. One Taurus, model 608, .357 caliber revolver, serial number BT652166;
   4. One Llama (Gabilondo & CIA), ZZ caliber pistol, serial number A33354;
   5. One Taurus, model PT140 Millennium Pro, .40 caliber pistol, serial number SYJ45735;
   6. One Taurus, model PUB DEF JUDGE ULTLTE, .45/410 caliber revolver, serial number DM104710;
   7. One Walther, model P22, .22 caliber pistol, serial number N017274;
   8. One Colt, model DELTA ELITE, .10 caliber pistol, serial number 10SS0832; and
   9. One Glock, model 17, .9 caliber pistol, serial number KNP396,

are hereby forfeited to the United States.

2. As the aforementioned asset was previously forfeited administratively, no further action is needed as to the forfeiture aspect of this criminal case.

DATED: 1/11/2013

Honorable Roger T. Benitez
United States District Judge